CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHu
JUN 20 2014
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONNIE A. NOEL, )<br>Petitioner, )<br>)<br>v. )<br>)<br>LT. COL. KUMER, )<br>Respondent. ) | | Civil Action No. 7:14-cv-00271<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Ronnie A. Noel, a Virginia pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner complains that the Albemarle County General District Court and Albemarle County Circuit Court have denied him pretrial release on bail. Online state court records reveal that Petitioner's trial for charges of petit larceny (third), obtaining a credit card without larceny, and three counts of credit card theft is presently scheduled for July 29, 2014. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Petitioner argues that he is innocent and that bail is being withheld to force him to plead guilty.

The petition, exhibits, and state court records indicate that Petitioner is now proceeding without counsel, pursuant to the state court's order granting appointed counsel's second motion to withdraw. Although counsel's first motion to withdraw was denied by the state court, the state court ostensibly granted the second motion to withdraw for the reasons stated in that motion. See, e.g., Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009) (recognizing a district could should examine exhibits attached to a habeas petition to determine whether the petition states a

claim upon which relief may be granted). Specifically, the petition and exhibits reflect that Petitioner filed pro se motions and appeals despite counsel's representation; counsel filed a first motion to withdraw, citing the pro se filings as evidence that Petitioner sought to fire counsel and proceed pro se; the state court ordered Petitioner to stop filing pro se motions and appeals and denied counsel's first motion to withdraw; Petitioner persisted in filing pro se motions, despite the state court's warning; Petitioner's pro se filings made counsel's representation unreasonably difficult, per Rule 1.16(b)(5) and (6) of the Virginia Rules of Professional Conduct; and Petitioner would not suffer a materially adverse effect because his actions supported finding that Petitioner already decided to persist with pro se representation.

A federal court will only inquire into a state court's determination of bail when the determination is arbitrary or discriminatory or results in the denial of counsel or a fair trial. Mastrian v. Hedman, 326 F.2d 708, 710-11 (8th Cir. 1964); Wansley v. Wilkerson, 263 F. Supp. 54, 56-57 (W.D. Va. 1967). "The purpose of requiring a bond is to assure the presence of the defendant at the trial. If the trial judge reasonably believes that regardless of the amount set the accused will be unlikely to be present at trial, he may deny bail completely. Also, a trial judge must deny bail if he feels the release of the accused will endanger the safety of the community." Wansley, supra, at 57 (internal citations omitted).

Petitioner fails to establish that the state courts' denials of bail were arbitrary or discriminatory or result in the denial of counsel or a fair trial. Although Petitioner alleges that bail is being withheld to force him to plead guilty despite his innocence, he has entered pleas of not guilty and will soon have his trial. Consequently, he cannot establish how he has been compelled to plead guilty by the denial of bail. Furthermore, the petition and its exhibits

2

establish that Petitioner caused counsel to withdraw from representation. Petitioner's persistence in proceeding pro se, despite concurrent representation and the state court's warning, caused the state court to grant counsel's second motion to withdraw and to allow Petitioner to proceed pro se. Consequently, Petitioner cannot argue that the state deprived him of counsel.

Furthermore, absent extraordinary circumstances, federal courts must not interfere with pending state criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. 366, 370 (1873). Federal district courts should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989). Clearly, Petitioner may present claims of innocence and violations of state and federal constitutional rights to state courts during trial, appeals, and collateral proceedings, and the fact that trial commences in six weeks cautions against interfering with the state proceeding. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc) ("Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits a court from enjoining state criminal proceedings, and I lack jurisdiction to grant mandamus relief against state officials or state agencies. Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, the petition is dismissed without prejudice, pursuant to Rules 1(b) and 4 of the Rules Governing

§ 2254 Cases, because it plainly appears from the petition and attached exhibits that Petitioner is not entitled to relief.

**ENTER**: This 20th day of June, 2014.

                                              Senior United States District Judge